**POM WONDERFUL LLC, a Delaware limited liability company, Plaintiff–Appellant,**

v.

**WELCH FOODS, INC., a Michigan corporation, Defendant–Appellee.**

No. 10–56791.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2012.*

Filed Feb. 10, 2012.

Andrew E. Asch, Esquire, Azadeh Allayee, Esquire, Counsel, Christopher Van Gundy, Joseph Klapach, Sophie–Nicole Froelich, Roll Law Group P.C., Mark Douglas Campbell, Andrew S. Clare, Esquire, Walter Allan Edmiston, III, Esquire, David Grossman Loeb & Loeb, LLP, Rex S. Heinke, Akin Gump Strauss Hauer & Feld LLP, Los Angeles, CA, Todd Theodora Theodora Oringher Miller & Richman PC, Costa Mesa, CA, for Plaintiff–Appellant.

Daniell K. Newman, Ricky L. Shackelford, Esquire, Senior Litigation, Green-

---

* The panel unanimously concludes that this case is suitable for decision without oral argu-

ment. *See* Fed. R.App. P. 34(a)(2).

berg & Traurig LLP, Santa Monica, CA, for Defendant–Appellee.

Before: D.W. NELSON, O'SCANNLAIN, and N.R. SMITH, Circuit Judges.

## MEMORANDUM **

Pom Wonderful LLC contends that the district court erred by submitting to the jury, at the end of the first phase of the bifurcated trial, the fact-of-injury element of Pom's Lanham Act claim. We disagree. The decision to submit that issue to the jury accorded with the pretrial order bifurcating the trial and was not an abuse of discretion.

Pom also contends that the district court abused its discretion in denying its motion to reopen the trial to submit further evidence on injury. Again, we disagree. The record supports the district court's decision to deny Pom's request. *See Berns v. Pan Am. World Airways, Inc.*, 667 F.2d 826, 829 (9th Cir.1982). The record likewise supports the district court's decision not to grant Pom a partial new trial.[1]

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1. On May 9, 2011, the parties filed a Joint Stipulation Concerning Video Deposition Clips Played at Trial. We construe this submission as a joint motion to supplement the record. So construed, the motion is GRANTED.